IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA, et al.,

      Plaintiff,                             No. CIV S-12-1697 KJM JFM

   vs.

COTTAGE BAKERY, INC., et al.,        ORDER

      Defendants

_____/

      Plaintiffs United States of America, acting on behalf of the Environmental Protection Agency, and San Joaquin Valley Unified Pollution Control District have filed a motion for the entry of a consent degree. They ask that the court enter the decree without further notice to defendants as defendants have consented to this procedure.

I. Background

      On June 26, 2012, plaintiffs filed a complaint against defendants Cottage Bakery, Inc. and Ralcorp Frozen Bakery Products, Inc., alleging they had violated the Clean Air Act, 42 U.S.C. § 7401, et seq., and applicable state laws and regulations in the operation of commercial bread ovens at a facility in Lodi. Complaint, ECF No. 1 ¶¶ 1, 10-11. On the same day, plaintiffs filed their motion for the court to enter the consent decree. In the application, they note that they

1

1 published a notice announcing the decree in the Federal Register on July 2, 2012, 77 Fed. Reg.
2 39262, and that no comments were received during the comment period. They also argue that
3 the decree satisfies the purposes of the Clean Air Act as it brings defendants into compliance
4 with California's Implementation Plan and imposes a civil penalty. Finally they assert that the
5 decree was the product of arms' length negotiation. Motion, ECF No. 4 at 2-3.

II. Analysis

This court cannot approve a consent decree without satisfying itself that the decree is fundamentally fair, adequate and reasonable. *United States v. State Of Oregon*, 913 F.2d 576, 580 (9th Cir. 1990). The review is deferential, particularly when the decree has been negotiated by the Department of Justice acting on behalf of a federal agency. *United States v. Chevron, U.S.A., Inc*., 380 F. Supp. 2d 1104, 1111 (N.D. Cal. 2005). Nevertheless, the court should not give the decree a "rubberstamp approval." *Id*.

In determining whether the agreement is fair, adequate and reasonable, the court examines procedural and substantive fairness; the former centers on the negotiation process, while the latter focuses on the extent to which the agreement represents a reasonable factual and legal determination. *Id.*

The parties have told the court that the decree was the result of arms' length negotiations, but have provided no support for this claim. Similarly, the parties describe the contents of the decree without providing any information about its costs and benefits. The court thus cannot make an independent evaluation of the procedural or substantive fairness of the proposed degree. *Id*. at 1111, 1113.

IT IS THEREFORE ORDERED that the motion for the entry of the consent decree (ECF No. 4) is denied without prejudice.

DATED: September 27, 2012.

UNITED STATES DISTRICT JUDGE

2