IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and SAN JOAQUIN VALLEY UNIFIED AIR POLLUTION CONTROL DISTRICT,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>COTTAGE BAKERY, INC., RALCORP FROZEN BAKERY PRODUCTS, INC.,<br><br>　　　　Defendants.<br>_____/ | No. 2:12-cv-1697-KJM-JFM |
| RALCORP HOLDINGS, INC., *et al.*,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>RIVERGATE PARTNERS, L.P., *et al.*,<br><br>　　　　Defendants.<br>_____/ | No. 2:12-cv-2128-JAM-DAD<br><br>ORDER ON NOTICE OF RELATED CASE |

/////

/////

/////

/////

1

1        Examination of the above-captioned actions reveals that they are not related within the meaning of Local Rule 123(a).  Under Local Rule 123(a), two actions are related when:

> (1) [B]oth actions involve the same parties and are based on the same or a similar claim;
> (2) both actions involve the same property, transaction, or event;
> (3) both actions involve similar questions of fact and the same question of law and their assignment to the same Judge or Magistrate Judge is likely to effect a substantial savings of judicial effort, either because the same result should follow in both actions or otherwise; or
> (4) for any other reasons, it would entail substantial duplication of labor if the actions were heard by different Judges or Magistrate Judges.

Local Rule 123(a)(3).

Although both cases concern violations of environmental laws at a baking facility in Lodi, California, *United States v. Cottage Bakery* is an environmental enforcement case and *Ralcorp Holdings, Inc. v. Rivergate Partners, L.P.* is a breach of contract case involving different legal issues.  Thus, assigning both cases to the same judge would not result in a substantial savings of judicial effort.  The court declines to reassign *Ralcorp Holdings* under Local Rule 123(c).

IT IS SO ORDERED.

DATED: January 16, 2013.

_____
UNITED STATES DISTRICT JUDGE