IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and SAN JOAQUIN VALLEY UNIFIED AIR POLLUTION CONTROL DISTRICT, | |
| Plaintiffs, | No. 2:12-cv-1697-KJM-JFM |
| vs. | |
| COTTAGE BAKERY, INC., RALCORP FROZEN BAKERY PRODUCTS, INC., | |
| Defendants. | |
| RALCORP HOLDINGS, INC., *et al.*, | |
| Plaintiffs, | No. 2:12-cv-2128-JAM-DAD |
| vs. | |
| RIVERGATE PARTNERS, L.P., *et al.*, | ORDER ON NOTICE OF RELATED CASE |
| Defendants. | |

/////

/////

/////

/////

1

1    Examination of the above-captioned actions reveals that they are not related
2 within the meaning of Local Rule 123(a).  Under Local Rule 123(a), two actions are related
3 when:

> (1) [B]oth actions involve the same parties and are based on the same
> or a similar claim;
> (2) both actions involve the same property, transaction, or event;
> (3) both actions involve similar questions of fact and the same question
> of law and their assignment to the same Judge or Magistrate Judge is likely to
> effect a substantial savings of judicial effort, either because the same result should
> follow in both actions or otherwise; or
> (4) for any other reasons, it would entail substantial duplication of labor
> if the actions were heard by different Judges or Magistrate Judges.

Local Rule 123(a)(3).

   Although both cases concern violations of environmental laws at a baking facility in Lodi, California, *United States v. Cottage Bakery* is an environmental enforcement case and *Ralcorp Holdings, Inc. v. Rivergate Partners, L.P.* is a breach of contract case involving different legal issues.  Thus, assigning both cases to the same judge would not result in a substantial savings of judicial effort.  The court declines to reassign *Ralcorp Holdings* under Local Rule 123(c).

   IT IS SO ORDERED.

DATED: January 16, 2013.

_____
UNITED STATES DISTRICT JUDGE

2