UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br><br>Plaintiff,<br><br>v.<br><br>COTTAGE BAKERY, INC., et al.,<br><br>Defendant. | No.  2:12-CV-1697 KJM JFM<br><br><br><br>ORDER |

   Plaintiffs United States of America, acting on behalf of the Environmental Protection Agency, and San Joaquin Valley Unified Pollution Control District have filed a motion for the entry of a consent decree.  They ask that the court enter the decree without further notice to defendants as defendants have consented to this procedure.

I. Background

   On June 26, 2012, plaintiffs filed a complaint against defendants Cottage Bakery, Inc. and Ralcorp Frozen Bakery Products, Inc., alleging they had violated the Clean Air Act, 42 U.S.C. § 7401, et seq., as well as applicable state laws and regulations in the operation of commercial bread ovens at a facility in Lodi.  Complaint, ECF No. 1 ¶¶ 1, 10-11.  On the same day, plaintiffs filed their motion for the court to enter the consent decree.  In the application, they note that they published a notice announcing the decree in the Federal Register on July 2, 2012, 77 Fed. Reg. 39262, and that no comments were received during the comment period.  They also

argue that the decree satisfies the purposes of the Clean Air Act as it brings defendants into compliance with California's Implementation Plan and imposes a civil penalty. Finally they assert that the decree was the product of arms' length negotiation. Motion, ECF No. 4 at 2-3.

The court denied the request without prejudice on the ground that the parties had not provided sufficient information to show that the decree was the product of arms' length negotiation. ECF No. 5.

The parties have now renewed the request.

II. <u>Analysis</u>

This court cannot approve a consent decree without satisfying itself that the decree is fundamentally fair, adequate and reasonable. *United States v. State of Oregon*, 913 F.2d 576, 580 (9th Cir. 1990). The review is deferential, particularly when the decree has been negotiated by the Department of Justice acting on behalf of a federal agency. *United States v. Chevron, U.S.A., Inc.*, 380 F. Supp. 2d 1104, 1111 (N.D. Cal. 2005). Nevertheless, the court should not give the decree a "rubberstamp approval." *Id*.

In determining whether the agreement is fair, adequate and reasonable, the court examines procedural and substantive fairness; the former centers on the negotiation process, while the latter focuses on the extent to which the agreement represents a reasonable factual and legal determination. *Id*.

The parties have now presented declarations from Steven Poplawski, counsel for Cottage Bakery, Inc. and Ralcorp Frozen Bakery Products, Inc., and Cynthia Steiner, Environmental Engineer, employed by the U.S. Environmental Protection Agency. Counsel Poplawski describes the lengthy negotiations between himself and counsel for the government that followed the issuance of the Notice of Violation by the Environmental Protection Agency and the filing of the instant case. ECF No. 11-1. In addition, Engineer Steiner explains how the consent decree addresses the environmental problems that prompted the EPA to issue the Notice of Violation. ECF No. 11-2.

/////

/////

1         Accordingly, the court approves the attached consent decree.

2   DATED: August 19, 2013.

                                                    UNITED STATES DISTRICT JUDGE